CASE No. 918.

## SCURRY v. COLEMAN.

1. Notice of appeal was given in due time, but appellants failed to serve or file their case within thirty days thereafter; after the time had expired, the next succeeding judge presiding in that circuit gave appellants further time to prepare and serve their case—*Held,* that the order extending the time was unauthorized, and the appeal was dismissed. *Rogers* v. *Nash,* 12 *S. C.* 560, approved.
2. The second sub-division of Section 353, of the code of procedure, was repealed by the act of 1878. 16 *Stat.* 698.

Before MACKEY, J., Fifth Circuit, November, 1879.

The case is fully stated in the opinion of the court.

*Messrs. Gary & Gary*, for plaintiff.

*Messrs. Carroll & Norris*, for defendant.

September 6th, 1880.  The opinion of the court was delivered by

McGOWAN, A. J.  The plaintiff, as the widow of James Scurry, filed her petition in the Probate Court of Edgefield county for *dower* in certain lands in the possession of the defendant, of which the husband had been seized in his lifetime. The defendant answered, contesting the claim on various grounds. The Probate judge sustained the claim and ordered a writ for the admeasurement of dower to issue.  The defendant appealed to the Court of Common Pleas, and Judge Wallace dismissed the appeal July 8th, 1879.  Exceptions and notice of appeal to the Supreme Court were filed within ten days, but a case was not prepared and filed within thirty days.  On October 23d the defendant's attorney gave notice that he would move, before Judge Mackey, at Columbia, on November 3d, at 10 o'clock, A. M., for an order enlarging and extending the time in which to perfect the appeal to the Supreme Court by preparing and serving all notices, &c.  With this application was served copy of affidavit of A. J. Norris, Esq., one of the attorneys for the defendant, stating the grounds for the motion, viz., that the appeal was not perfected in the time required by law, on account of the absence and oversight of defendant's attorney.  On hearing the affidavit and proof of notice, Judge Mackey granted an order extending the time for preparing and serving a case or exceptions fifteen days from the date of his order.  The plaintiff appeals from this order of Judge Mackey upon the following grounds:

1. Because his Honor, as the presiding judge of the Court of Common Pleas for Richland county, had no jurisdiction to pass

an order affecting a cause pending in the Court of Common Pleas for Edgefield county.

2. Because the Circuit judge had no authority to pass an order in said cause, for the reason that the plaintiff had commenced proceedings in the Supreme Court for the purpose of dismissing the appeal for want of jurisdiction.

3. Because the Circuit judge had no authority to enlarge and extend the time within which to appeal to the Supreme Court.

4. Because the motion to enlarge and extend the time within which to perfect the appeal should have been made before the time for perfecting the same had expired.

5. Because the motion to enlarge and extend the time for perfecting the appeal should have been made before the judge who heard and decided the case.

6. Because the defendant did not show sufficient and reasonable cause for extending the time for perfecting the appeal.

The second section of the act of 1878, (16 *Stat.* 698), provides as follows: That "within thirty days after such notice the appellant or his attorney shall prepare a case or exceptions and serve them, unless the judge before whom the cause was heard last, on ten days' notice to the opposite party, upon sufficient and reasonable cause shown, shall extend the time."

The terms of this act are clear, and have received construction by this court in the case of *Rogers* v. *Nash*, 12 *S. C.* 560. The court in that case say: "It also appears that the appellant failed to serve the respondent with a copy of the case and exceptions within thirty days after serving his notice of appeal. This is also required by the statute, to which reference has already been made. (1878.) The statute allows the enlargement of the time for serving the case and exceptions, but that must be accomplished in the manner pointed out by the act. As there has been no enlargement of the time, according to the provisions of the act, the appeal must be deemed waived and the appeal dismissed."

In this case the time has been extended and the case prepared within the time allowed, but it was not extended within the thirty days from notice of appeal, nor by the "judge before whom the cause was heard last," and the question is, whether

that order was properly made. It is insisted that Section 353, sub-division 2, of the code of procedure, allowing the court to permit amendments where any act necessary to perfect an appeal has been omitted " through mistake," has not been repealed by the act of 1878, and that the order was properly granted under that authority.

It is true that repeals by implication are not favored ; but the last act of the general assembly is the law according to its terms, and it does repeal so much of all prior laws as are inconsistent with it. We understand the principle of repeal to be as expressed in the case of *State* v. *Branham*, 13 *S. C.* 394 : " Repeals by implication are possible, but they are not favored. To have that effect the new law must cover the whole subject exhaustively, and be absolutely inconsistent with the old law. Acts upon the same subject, which can stand together, are construed *in pari materia*. If they are consistent, they both stand, the last as an amendment. If part is consistent and part not, the repeal only operates upon the inconsistent part." Apply this principle here. The law governing appeals to the Supreme Court was changed by the act of 1878, as to the time in which an appeal shall be perfected, and then expressly repeals " all acts and parts of acts inconsistent therewith." It covers the whole subject of appeals to the Supreme Court. Are the provisions of the act of 1878 *inconsistent* with the provision of the code before referred to ? Its terms are " whenever the appellant shall fail to perfect his appeal according to the provisions of either of the foregoing sections, *his failure to do so shall amount to a waiver of the appeal.*"

There was a failure in this case to perfect the appeal according to the provisions of the act, and the extension of time was not granted " in the manner pointed out by the act " by " the judge before whom the cause was last heard." The provisions of the act are mandatory and must be enforced. This court has no right to consider the hardships of the case, but is bound to announce the law.

The motion to dismiss the appeal must be granted.

Order set aside.

WILLARD, C. J., and McIVER, A. J., concurred.